UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VIOLA ENGLISH, | ) | No.  CV 05-3888-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROCEEDINGS**

On May 26, 2005, Viola English ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for disability insurance benefits.  On September 28, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on December 6, 2005, defendant filed an Answer to Complaint.  On May 12, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On July 2, 2001, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 71-73). Plaintiff alleged that beginning on May 31, 2000, she was unable to work because she suffered from stress, anxiety, nervousness, ability to cope with people, and high blood pressure. (AR at 88). The Commissioner denied plaintiff's application for benefits, initially, and upon review. (AR at 44-49, 51-54).

On or about March 5, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 55). On August 7, 2002, the ALJ conducted a hearing in Santa Barbara, California. (AR at 427-56). Plaintiff appeared at the hearing with her counsel and testified. (AR at 430-43). Abbe May, a vocational expert, also appeared and testified. (AR at 443-53).

On October 24, 2002, the ALJ issued her decision denying benefits. (AR at 17-22). In her decision, the ALJ concluded that plaintiff suffered from severe depressive disorder and mild personality disorder with passive, aggressive, narcissistic, and mildly paranoid traits. (AR at 21). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that plaintiff's complaints of limitations were not fully credible. (AR at 19-20). The ALJ concluded that plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy, such as a hand packager and general clerical worker. (AR at 20). Ultimately, the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

Plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 12). On September 20, 2004, the Appeals Council affirmed the ALJ's decision.  (AR at 5-7).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ failed to properly evaluate the opinion of plaintiff's treating physician.

2. The ALJ erred by rejecting the opinion of the examining psychologist.

3. The ALJ provided legally insufficient reasons for rejecting plaintiff's testimony regarding her pain and limitations.

4. The ALJ erred by relying on flawed testimony of the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler,

803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Id. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Id. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. Id. at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. Id.
///

4

**B.     The ALJ's Evaluation of the Opinion of the Treating Physician**

Plaintiff claims that the ALJ failed to properly evaluate the opinion of plaintiff's treating physician, Thomas Curtis, M.D, Ph.D. Specifically, plaintiff contends that the ALJ did not adequately consider Dr. Curtis' use of California's workers' compensation standards when she adopted Dr. Curtis' assessment. Plaintiff alleges that the ALJ misapplied the terms "slight" and "moderate," as used in California's workers' compensation scheme, and adopted the meaning of those terms in the Social Security context. As a result, plaintiff claims that the ALJ erred in assessing plaintiff's residual functional capacity.

On February 27, 2001, Dr. Curtis evaluated plaintiff's medical conditions arising from plaintiff's workers' compensation case. (AR at 269-306). Dr. Curtis conducted his evaluation in accordance with California's workers' compensation system. (AR at 270). Dr. Curtis opined that plaintiff suffered from slight impairment in her ability to perform simple and repetitive tasks, her ability to maintain work pace, and her ability to influence people. (AR at 300). Dr. Curtis also found slight to moderate impairment in plaintiff's ability to comprehend and follow instructions, perform complex or varied tasks, and relate to other people beyond giving and receiving instructions. (Id.). The California Code of Regulations defines "slight" in the context of pain as follows: "A slight pain could be tolerated, but would cause some handicap in the performance of the activity precipitating the pain." Cal. Code Reg. § 9727. The same regulations also define "moderate" in the context of pain as follows: "A moderate pain could be tolerated, but would cause marked handicap in the performance of the activity precipitating the pain." Id.

1  California's guidelines for work capacity are not conclusive in
2  a social security case. See Desrosiers v. Secretary of Health & Human
3  Serv., 846 F.2d 573, 576 (9th Cir. 1988); see also Macri v. Chater, 93
4  F.3d 540, 543-44 (9th Cir. 1996).  In fact, the Ninth Circuit has
5  recognized the dramatic differences between workers' compensation
6  categories and those of the Social Security Act. See Desrosiers, 846
7  F.2d at 576 (stating that, in contrast to Social Security disability
8  findings, California's workers' compensation categories are not based
9  on strength, but on whether claimant sits, stands, or walks for
10 majority of day); see also Payan v. Chater, 959 F. Supp. 1197, 1202-03
11 (C.D. Cal. 1996) (noting same).

12  The ALJ, however, adopted the assessment of Dr. Curtis without
13 taking into account the distinction in the terms used.  In her
14 decision, the ALJ wrote, "[Plaintiff] has the limitations imposed by
15 Dr. Curtis in his February 2001 assessment of residual functional
16 capacity (Exhibit 5F, p. 40-41).  These limitations are the most
17 restrictive in the record.  I find Dr. Curtis' assessment the most
18 credible in the record because he was the claimant's treating
19 physician and conducted the most thorough mental health examination of
20 her." (AR at 20).  Plaintiff claims that the ALJ failed to consider
21 that the terms "slight" and "moderate" have significantly different
22 meanings when used in the context of worker's compensation than in the
23 context of social security.  As a result of the ALJ's failure to apply
24 the correct meaning of the term, plaintiff alleges that the ALJ erred
25 in evaluating and crediting Dr. Curtis' assessment.  The Court agrees.

26  A review of the records indicates that the ALJ improperly relied
27 upon the worker's compensation standards employed by Dr. Curtis in her
28 decision.  First, the ALJ found that plaintiff suffered from slight

6

impairment in her ability to understand, remember, and carry out simple job instructions and to maintain a consistent work pace. (AR at 21). Additionally, the ALJ found that plaintiff suffered from slight to moderate limitation in her ability to relate to coworkers, interact with supervisors, and understand, remember, and carry out complex or detailed job instructions. (*Id.*). These findings replicate the findings of Dr. Curtis in his Work Function Impairment Form. (AR at 300). Dr. Curtis, however, made his assessment using worker's compensation standards and the ALJ's decision employed social security definitions of the same terms.

Second, the ALJ stated that she adopted the limitations imposed by Dr. Curtis in his February 2001 report, which listed the aforementioned limitations. (AR at 20). If the ALJ indeed adopted the same assessment as Dr. Curtis did, then the ALJ would have been precluded from using the identical terms, as the terms "slight" and "moderate" have different meanings in the worker's compensation and social security contexts. Furthermore, the ALJ did not acknowledge the differences in her decision. Thus, at best, the ALJ's findings are ambiguous.

The ALJ also adopted the opinion of Ms. May, the vocational expert, and opined that plaintiff could work as a hand packager and general clerical worker. (AR at 20). At the hearing, the ALJ posed a hypothetical to Ms. May with the following mental limitations: slight limitation on the ability to understand, remember, and carry out simple job instructions, and on the ability to maintain a persistent work pace; and slight to moderate limitation on the ability to relate to coworkers, interact with supervisors, understand, remember, and carry out complex and detailed job instructions,

recognize potential job hazards, make independent decisions, negotiate with, instruct, or supervise. (AR at 446). The limitations outlined in the hypothetical roughly comport with Dr. Curtis' assessment of plaintiff's mental limitations with the important distinction that Dr. Curtis used worker's compensation standards. (AR at 300). Given these limitations, Ms. May testified that plaintiff could perform general clerical work, eroded by 35 percent for work pace issues, and the job of a hand packager. (AR at 447-49). Plaintiff's counsel questioned Ms. May about plaintiff's residual functional capacity using the worker's compensation standards for the mental limitations outlined in the ALJ's hypothetical. (AR at 452-53). Ms. May testified that using the alternate definitions of the terms would preclude plaintiff from work. (AR at 453). Thus, the fact that the ALJ used the same terms as Dr. Curtis, but applied them in the social security context when posing the hypothetical to Ms. May, further indicates that the ALJ was unaware that she misapplied Dr. Curtis' use of the terms. By stating that she adopted Dr. Curtis' assessed limitations, moreover, the ALJ should have applied Dr. Curtis' assessment of plaintiff's limitations in the social security context when posing the hypothetical to the vocational expert. When plaintiff's counsel posed the hypothetical using the correct application of the terms, Ms. May testified that plaintiff would be precluded from work. (AR at 453).

Defendant responds that the ALJ properly considered the opinion of Dr. Curtis. First, the ALJ notes that Dr. Curtis recommended vocational rehabilitation, which defendant argues indicated the doctor's belief that plaintiff could work. (Joint Stipulation at 6).

8

Whether plaintiff could find work in another setting is a separate issue. If the ALJ chooses to adopt the opinion of Dr. Curtis as stated, the ALJ must clarify whether she is applying the social security or worker's compensation definitions to the terms she uses in assessing plaintiff's functions. In support of the ALJ's decision, defendant also cites the opinions of two other physicians who opined that plaintiff could work. (Joint Stipulation at 6-7). But even if the ALJ chose to adopt the opinion of other examining physicians over the opinion of Dr. Curtis, she may not reject the treating physician's opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Saelee v. Chater, 94 F.3d 520 (9th Cir. 1996). Specific and legitimate reasons can be set forth by a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [the ALJ's] interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). Here, the ALJ provided no such reasons and clearly stated that she adopted Dr. Curtis' opinion. Finally, defendant contends that the discussion at the hearing regarding the difference in the definitions of the terms indicates that the ALJ knew the difference between the terms. (Joint Stipulation at 7-8). At the hearing, plaintiff's counsel and Ms. May discussed the differences between worker's compensation and social security definitions of the same terms. (AR at 450-53). While the ALJ was present during this discussion, she nonetheless applied Dr. Curtis' worker's compensation standards to the instant social security case. The ALJ's failure to acknowledge the distinction between the terms, a distinction that the vocational

expert opined would preclude plaintiff from work, constitutes error.

**C.    Remand is Required to Remedy the Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen, 80 F.3d at 1292.

Here, the Court finds remand appropriate. The ALJ's analysis and application of the treating physician's opinion erroneously applied worker's compensation standards to this social security case. On remand, the ALJ must apply the proper standards in evaluating the limitations assessed by the treating physician.[1]

---

[1] In the Joint Stipulation, plaintiff also contends that the ALJ erred by rejecting the opinion of the examining psychologist, provided legally insufficient reasons for rejecting plaintiff's testimony regarding her pain and limitations, and relied on flawed testimony of the vocational expert. As explained above, however, the ALJ's errors in evaluating Dr. Curtis' assessment constitute sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues
(continued...)

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: August 2, 2006

                                                /s/
                                      JENNIFER T. LUM
                                      UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

11